IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SULTANA RESOURCES, LLC., an, Idaho Limited Liability Company<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TRIO GOLD CORPORATION, an Alberta Corporation,<br><br>　　　　Defendant.<br>_____<br><br>MACKAY LLC., a Nevada limited liability company, and HONOLULU COPPER CORPORATION, a UTAH<br><br>　　　　Interveners-Plaintiffs,<br><br>　　v.<br><br>TRIO GOLD CORPORATION, an Alberta Corporation,<br><br>　　　　Defendant.<br>_____ | Case No. CV-06-265-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Trio Gold Corporation's ("Trio") Motion for

Continuance of Summary Judgment to Permit Discovery (Docket No. 60), Motion

**Memorandum Decision and Order - 1**

of Mackay LLC for Partial Summary Judgment (Docket No. 50), and Motion of Honolulu Copper Corporation for Partial Summary Judgment (Docket No. 51).

## ANALYSIS

### I.     Rule 56(f) Motion

The Court may postpone deciding a motion for summary judgment in order to give the nonmoving party more time to gather evidence.  Fed. R. Civ. P. 56(f). Rule 56(f) requires "'(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists.'"  *Employers Teamsters Local Nos. 175 & 505 Pension Trust Fund v. Clorox Co.*, 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting *VISA Int'l Serv. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986)).  The burden is on the party submitting the 56(f) motion to proffer sufficient facts to show that the evidence sought exists, and that such evidence would prevent summary judgment.  See *Id.* at 1129-30.  Mere hope that further evidence will develop prior to trial is insufficient.  See *Continental Mar. of San Francisco v. Pacific Coast Metal Trades Dist. Council,* 817 F.2d 1391, 1395 (9th Cir. 1987).

Here, the Court is satisfied that Trio has fulfilled its burden.  On September 19, 2007, counsel for Trio filed an affidavit stating that Honolulu and Mackay had failed to timely respond to several discovery requests.  In their response brief,

Honolulu and Mackay admitted as much, indicating that they had only recently served their responses, some as late as October 7, 2007, just days before the scheduled hearing on the motions for summary judgment.

Moreover, in his affidavit, counsel for Trio stated that the information sought through the tardy discovery responses is relevant to Trios defenses, counterclaims and crossclaims. Specifically, counsel indicated that the discovery responses, and potential depositions which will follow those responses, will reveal whether Mackay, Honolulu and Sultana were in collusion to obtain the state court judgment against Sultana in order to eject Trio from the Empire Mine property. Counsel further suggests that the information sought will reveal whether Mackay, Honolulu and Sultana conspired to prevent Trio's performance under the Honolulu/Sultana and Mackay/Sultana leases.

Much of Trio's case will turn on whether Honolulu, Mackay and Sultana acted in collusion with each other. Although further discovery may show that no such collusion existed, at this stage in the litigation, particularly given Honolulu's and Mackay's late discovery responses, these questions remain unanswered. Until these questions are answered, the Court is unable to decide as a matter of law whether Trio's interest as a subtenant in the mining claims owned by Honolulu and Mackay terminated as a result of Sultana's default under the Honolulu/Sultana and

**Memorandum Decision and Order - 3**

Mackay/Sultana leases.

Thus, because Trio has met the requirements of Rule 56(f), the Court will grant Trio's request for further discovery and deny Honolulu's and Mackay's motions for partial summary judgment. The motions for partial summary judgment will be denied without prejudice, however, so as to allow the parties to once again move for partial summary judgment at a later date. The Court expects that, considering the fact that Trio is now in possession of the discovery responses, the parties will schedule the necessary depositions and move this case forward in an expeditious fashion.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED Trio Gold Corporation's Motion for Continuance of Summary Judgment to Permit Discovery (Docket No. 60) shall be, and the same is hereby, GRANTED.

IT IS FURTHER ORDERED that the Motion of Mackay LLC for Partial Summary Judgment (Docket No. 50) shall be, and the same is hereby, DENIED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Motion of Honolulu Copper Corporation for Partial Summary Judgment (Docket No. 51) shall be, and the same is hereby, DENIED WITHOUT PREJUDICE.

**Memorandum Decision and Order - 4**

IT IS FURTHER ORDERED that the hearing scheduled for **Friday, October 12, 2007, at 8:30 a.m.** is VACATED.

DATED: **October 11, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision and Order - 5**